UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jose Sotelo, | Case No. 2:23-cv-01541-MMD-DJA |
| Plaintiff, | |
| v. | **Order** |
| State Farm Fire and Casualty Company, et al., | |
| Defendants. | |

Before the Court is the parties' stipulated protective order (ECF No. 28).  The parties request that the Court enter a protective order to govern their exchange of confidential information.  However, the parties fail to state the governing standard for filing documents under seal with the Court.  This order reminds counsel that there is a presumption of public access to judicial files and records.  A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

**IT IS THEREFORE ORDERED** that the parties' stipulated protective order (ECF No. 28) is **granted subject to the following modifications**:

- The Court has adopted electronic filing procedures.  Attorneys must file documents under seal using the Court's electronic filing procedures.  *See* Local Rule IA 10-5.  Papers filed with the Court under seal must be accompanied with a concurrently-filed motion for leave to file those documents under seal.  *See* Local Rule IA 10-5(a).
- The Court has approved the instant protective order to facilitate discovery exchanges, but there has been no showing, and the Court has not found, that any specific documents are secret or confidential.  The parties have not provided

    specific facts supported by declarations or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm.

- All motions to seal shall address the standard articulated in *Ctr. for Auto Safety* and explain why that standard has been met. 809 F.3d at 1097.

- Specifically, a party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as previously articulated in *Kamakana*. 447 F.3d 1172. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097.

- There is an exception to the compelling reasons standard where a party may satisfy the less exacting "good cause" standard for sealed materials attached to a discovery motion unrelated to the merits of the case. *Id*. "The good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*. (citing Fed.R.Civ.P. 26(c)). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

- The labels of "dispositive" and "nondispositive" will not be the determinative factor for deciding which test to apply because the focal consideration is "whether

- The fact that the Court has entered the instant stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

- <u>To the extent any aspect of the stipulated protective order may conflict with this order or Local Rule IA 10-5, that aspect of the stipulated protective order is hereby superseded with this order.</u>

IT IS SO ORDERED.

DATED: July 11, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE